

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SP
F. #2023R00375

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 11, 2023

<u>By E-Mail and ECF</u>

Allegra Glashausser, Esq.
Federal Defenders of New York
1 Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201
Allegra_Glashausser@fd.org

    Re: <u>United States v. James Young</u>
       <u>Criminal Docket No. 23-475 (DLI)</u>

Dear Counsel:

  Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery in the above-captioned case, which is Bates-numbered JY_000001-JY_000187. The government has made this production available to you via the USAfx file-sharing platform. The government also requests reciprocal discovery from the defendant.

I.  <u>The Government's Discovery</u>

  A. <u>Statements of the Defendant</u>

  Law enforcement agents interviewed the defendant on September 27, 2023 at the 114th Precinct Stationhouse in Queens, NY. This interview was recorded on video, which is provided in files Bates stamped JY_000188, JY_000189 and JY_000190.

  B. <u>The Defendant's Criminal History</u>

  The government is providing a copy of the defendant's criminal history in a file Bates stamped JY_000149-JY_000168.

  C. <u>Documents and Tangible Objects</u>

- Screenshots depicting April 12, 2023 generated from surveillance video footage from the Queensbridge Houses and the store located on Broadway

in Queens, NY which is provided in files Bates stamped JY_000001-JY_000030 and JY_000044-JY_000052;

- NYPD Complaint Report pertaining to April 12, 2023, 2023-114-3986 which is provided in a file Bates stamped JY_000031-JY_000035;

- Video footage files of the store located on Broadway in Queens, NY depicting April 12, 2023, which is provided in files Bates stamped JY_000036-JY_000039;

- Video footage files from the Queensbridge Houses depicting April 12, 2023, which is provided in files Bates stamped JY_000040-JY_000043;

- Screenshots depicting April 29, 2023 generated from surveillance video footage from the store located on Northern Boulevard in Queens, NY which is provided in files Bates stamped JY_000053 and JY_000065-JY_000067;

- NYPD Complaint Report pertaining to April 29, 2023, 2023-114-4642 which is provided in a file Bates stamped JY_000054-JY_000058;

- Video footage files of the store located on Northern Boulevard in Queens, NY depicting April 29, 2023, which is provided in files Bates stamped JY_000059-JY_000064;

- Screenshots depicting June 26, 2023 generated from surveillance video footage from the Queensbridge Houses and the store located on Manhattan Avenue in Brooklyn, NY which is provided in files Bates stamped JY_000068-JY_000085, JY_000091-JY_000093, and JY_000099-JY_000102;

- NYPD Complaint Report pertaining to June 26, 2023, 2023-94-2630 which is provided in a file Bates stamped JY_000086-JY_000090;

- Video footage files of the store located on Manhattan Avenue in Brooklyn, NY depicting June 26, 2023, which is provided in files Bates stamped JY_000094-JY_000098;

- Video footage files from the Queensbridge Houses depicting June 26, 2023, which is provided in files Bates stamped JY_000103-JY_000105;

- NYPD Complaint Report pertaining to July 18, 2023, 2023-114-7840 which is provided in a file Bates stamped JY_000106-JY_000109;

- Video footage files of the store located on Broadway in Queens, NY depicting July 18, 2023, which is provided in files Bates stamped JY_000110-JY_000113;

2

- Screenshots depicting July 18, 2023 generated from surveillance video footage from the Queensbridge Houses and the store located on Broadway in Queens, NY which is provided in files Bates stamped JY_000114 and JY_000119-JY_000131;

- Video footage files from the Queensbridge Houses depicting July 18, 2023, which is provided in files Bates stamped JY_000115-JY_000118;

- Photographs of items recovered pursuant to execution of a search warrant at the defendant's residence which is provided in files Bates stamped JY_000132-JY_000148 and

- A search warrant for the defendant's residence which is provided in a file Bates stamped JY_000169-JY_000187.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. Reports of Examinations and Tests

There are no reports of examinations or tests that relate to the robberies charged in the indictment. The government will provide you with copies of any relevant reports of examinations or tests in this case as they become available.

E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at the hearing and provide you with a summary of the expert's opinion.

F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before the hearing, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of the hearing if it intends to offer any material under Fed. R. Evid. 404(b).

II.        The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at the hearing, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at the hearing, or that were prepared by a witness whom the defendant intends to call at the hearing.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of the hearing.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at the hearing under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

III.       Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by December 29, 2023. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney(s) with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.       Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

4

       Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                                             Very truly yours,

                                             BREON PEACE
                                             United States Attorney

                        By:    /s/ Stephanie Pak
                            Stephanie Pak
                            Assistant U.S. Attorney
                            (718) 254-6064

cc:     Clerk of the Court (DLI) (by ECF)