

U.S. Department of Justice

United States Attorney
Eastern District of New York

MEF:SP
F.#2023R00375

271 Cadman Plaza East
Brooklyn, New York 11201

April 25, 2025

By ECF

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: United States v. James Young
       Criminal Docket No. 23-475 (DLI)

Dear Judge Irizarry:

  The government respectfully submits this letter in advance of the defendant's sentencing in the above-captioned case, which is currently scheduled for May 14, 2025. As set forth in more detail below, given the dangerousness of the defendant's conduct, the harm caused to the victims and various local businesses, and the need for both general and specific deterrence, a sentence within the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G") range of 63 to 78 months' imprisonment would be sufficient, but not greater than necessary, to achieve the goals of sentencing.

I. Background

  The facts underlying the offense conduct are set forth in the March 7, 2025 Presentence Investigation Report ("PSR").

  A. The Offense Conduct

  As set forth in the PSR, between April and July 2023, the defendant robbed three delis in Brooklyn and Queens. During each of those robberies, the defendant entered the location, pointed what appeared to be a firearm at the cashier, threw a black bookbag across the counter, and demanded money or other items from the cashier. Security video footage from each of the delis showed that the defendant wore dark clothing and a mask over his face as he terrorized the cashiers, who were alone at the register. Further details regarding each robbery are set forth below in chronological order.

### The April 12, 2023 Robbery

Based on a review of security video surveillance, on April 12, 2023, at approximately 3:32 a.m., the defendant entered a delicatessen and smoke shop located at 45-17 Broadway in Queens. PSR ¶ 5. The defendant pointed what appeared to be a firearm at the cashier, and threw a black bookbag at the cashier. Id. The defendant demanded that the cashier put money into the bag, and the cashier placed approximately $1,200 in cash into the bookbag before the defendant fled the location. Id.

### The April 29, 2023 Robbery

Based on a review of security video footage, on April 29, 2023, at approximately 2:01 a.m., the defendant entered a deli located at 54-03 Northern Boulevard, Queens. PSR ¶ 6. The defendant placed a bookbag on the counter, pushed it towards the cashier, and pointed what appeared to be a firearm at the cashier. Id. The security video footage captured audio and recorded the defendant demanding that the cashier hurry up, and threatening to shoot the cashier if he did not comply with the defendant's demands to place money and cigarettes in the bookbag. Id. Before the defendant fled the deli, the defendant also ordered the cashier to lie on the floor, facedown, until the defendant left the deli. The defendant then fled the location with approximately $400 in cash and $300 worth of cigarettes. Id.

### The June 26, 2023 Robbery

Based on a review of security video footage on, June 26, 2023, at approximately 4:47 a.m., the defendant entered a grocery store located at 658 Manhattan Avenue, Brooklyn, a grocery store. PSR ¶ 7. The defendant pointed what appeared to be a gun at the cashier, threw a black bookbag at the cashier, and demanded that the cashier put money into the bag. Id. After the cashier placed approximately $2,000 in the black bookbag, the defendant lifted the register's till to see if there was any cash remaining. Id. The defendant then took the black bookbag and left the location. Id.

### The July 18, 2023 Robbery

Based on a review of surveillance video footage from the same delicatessen and smoke shop that the defendant had robbed on April 12, 2023, at approximately 5:15 a.m., the defendant robbed this shop a second time on July 18, 2023. PSR ¶ 8. The defendant pointed what appeared to be a firearm at the cashier, threw a bookbag at the cashier, and demanded that the cashier put money into the bag. Id. The cashier placed approximately $1,200 in the black bookbag, and the defendant fled from the location. Id.

### The Search Warrant Execution

On August 1, 2023, law enforcement agents executed a search warrant for the defendant's residence and recovered several items the defendant used to commit the robberies including a black bookbag and clothing and shoes consistent with those that the defendant wore during the commission of the robberies described above. PSR ¶ 10. Law enforcement did not recover any firearms in this search, for which the defendant was not present. Id.

When the defendant was arrested on November 16, 2023, the defendant waived his Miranda rights and agreed to speak with law enforcement. PSR ¶ 11. However, the defendant did not acknowledge his role in any of the above-described robberies.

B. Procedural History

On August 11, 2023, the defendant was charged by complaint with four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), relating to each of the above-described robberies. See ECF No. 1. The defendant was arrested on November 16, 2023, and he had his initial appearance that same day before Judge Robert M. Levy, who ordered the defendant detained. See ECF No. 5.

On November 17, 2023, a grand jury returned an Indictment charging the defendant with four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) for each of the above-described robberies. See ECF No. 9.

On December 3, 2024, the defendant pled guilty to Count One of the Indictment, Hobbs Act robbery in relation to the April 12, 2023 robbery, pursuant to a plea agreement with the government. See Minute Entry dated December 3, 2024. Since December 20, 2023, the defendant has been detained at various locations, including several medical facilities. PSR ¶¶ 56, 58. According to Probation, the defendant's time spent in these facilities will count towards his sentence. At the time of the defendant's sentence, the defendant will have served approximately 17 months and 28 days.

II. Guidelines Calculation

The government agrees with the Guidelines calculation as set forth in the PSR and below:

Hobbs Act Robbery (Count One, April 14, 2024)

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2B3.1) | 20 |
| Plus: Dangerous Weapon Brandished (U.S.S.G. § 2B3.1(b)(2)(E)) | +3 |
| Less: Acceptance of Responsibility (§ 3E1.1(a)) | -2 |
| Less: Acceptance of Responsibility (§ 3E1.1 (b)) | -1 |
| Total Offense Level: | <u>20</u> |

An offense level of 20 and Criminal History Category V carry a Guidelines sentence of 63 to 78 months' imprisonment. PSR ¶ 81. The Guidelines calculations in the PSR and the Plea Agreement are the same. In the Plea Agreement, the defendant stipulated to the above

Guidelines calculation. In addition, restitution is mandatory in the full amount of the victims' losses, which is $5,100, as agreed to by the defendant in the plea agreement. See PSR ¶ 90.

III.   Applicable Law

The Supreme Court has explained that the Court "should begin all sentencing proceedings by correctly calculating the applicable [Guidelines] range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted). 18 U.S.C. § 3553(a) provides, in part, that in imposing sentence, the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant.

Section 3553 also recognizes the need to afford the defendant opportunities for rehabilitation "or other correctional treatment." See 18 U.S.C. § 3553(a)(2)(D). Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence. The district court must also "remain cognizant of them throughout the sentencing process." Gall, 552 U.S. at 50 n.6.

IV.   A Guidelines Sentence is Appropriate

The government respectfully requests that the Court impose a sentence within the Guidelines range of 63 to 78 months' imprisonment to account for the defendant's dangerous conduct.

Based on the nature and circumstances of the offense, a sentence within the Guidelines range is appropriate. On four different dates, the defendant chose to terrorize small businesses and the vulnerable employees who were working overnight shifts, all for his own personal gain—obtaining some cash and cigarettes. Each time, the defendant's tactics were essentially the same: the defendant carefully disguised himself by wearing a hat, mask, and/or dark clothing, but made it very clear to the victims that he had a weapon by immediately pulling out what appeared to be a firearm and pointing it at them as he began making his demands. The defendant made sure that the weapon stayed in his hand, pointed at the cashier, and threatened to shoot the cashier if the cashier strayed from his instructions. More disturbingly, the defendant

was emboldened by his success in committing these crimes and even robbed one delicatessen and smoke shop twice (i.e., the April 12, and July 28, 2023 robberies). The defendant's conduct and willingness to repeatedly target local stores and innocent victims demonstrate his utter lack of consideration for others.

A sentence within the Guidelines is also necessary to protect the public from further crimes of the defendant. As noted above and in the PSR, the defendant committed each of these robberies by brandishing what appeared to be a firearm to instill fear in the hard-working employees of the stores which he targeted, who were often the only employees working in the stores during the late evening hours. These members of the community, who were working late into vulnerable hours of the night, are certainly entitled to work in places where they need not fear for their lives or safety. The defendant's actions directly threatened these employees' sense of safety and their livelihoods. Each time the defendant committed a robbery, the defendant made a clear choice to place his own interests—which amounted to cash or cigarettes—above anyone else's well-being or safety.

Additionally, a Guidelines-range sentence would reflect the seriousness of the offense and promote respect for the law. The offense of conviction—Hobbs Act robbery—is grave. Perhaps by chance only, the four robberies that the defendant committed left no one seriously wounded or dead since the victims did not resist. The defendant, however, certainly evinced a willingness and readiness to inflict harm on both the stores he robbed and the employees that stood in his way—he pointed the weapon at each cashier, and even barked orders at one, telling the cashier, as captured on the security video system:

> "don't play with me, take the bag, money in the bag, cigarettes in the bag hurry up, you play any games I will shoot you, all the money in the bag, Newports in the bag, take the bag and put the Newports in it, more cigarettes, hurry up, hurry up or I'll shoot you."

Unsatisfied with this victim, who hurriedly emptied the register and placed cigarettes in the bookbag, the defendant then ordered the victim to lie on the ground, facedown, until the defendant left the deli. Although the victim initially crouched down in response to the defendant's orders, the defendant further barked at him to be completely prostrate before the defendant fled from the location.

As to the history and characteristics of the defendant, a Guidelines-range sentence is appropriate in light of the defendant's criminal history. The defendant's criminal history reflects a history of dangerous conduct and a noticeable pattern in consisting largely of other larceny and robbery convictions. The defendant has four prior felony convictions for violations of New York State Penal Laws. Specifically, two convictions were robbery offenses, one was for grand larceny, and one was for an attempted murder offense. These convictions, spanning from 1997 through 2010, resulted in significant periods of incarceration. For example, the defendant has previously been sentenced for a robbery in New York State for a term of imprisonment as long as ten years. Additionally, the defendant was convicted in 2010 of Robbery in the Second Degree in violation of New York State Penal Law for displaying what

5

appears to be a firearm in the course of the robbery, an offense that is strikingly similar to the facts in the case. The defendant's criminal history and his current offense conviction clearly show that the defendant has neither learned from his past mistakes nor been deterred by prior terms of incarceration. Thus, notwithstanding the difficult circumstances of the defendant's upbringing and his ongoing medical treatments to address several health concerns, these are no excuses for his crimes against others. Simply put, there is no justification for committing a robbery of any individual, let alone an innocent cashier. The fact remains unchanged that the defendant engaged in brazen and violent conduct with callous and wanton disregard for others' safety, inflicted fear in his victims, and stole from local small businesses.

Finally, the sentence here must be significant enough to reflect the seriousness of the offense of conviction and specifically deter the defendant from engaging in further criminal conduct. A Guidelines sentence would also accomplish the goals of sentencing by promoting respect for the law and general deterrence by underscoring the significant ramifications of committing robberies in the community. Robbery offenses harm both innocent victims who are simply working for their livelihood and the small businesses that exist to provide goods to the local community. A Guidelines sentence would adequately address the seriousness of the defendant's crime, deter the defendant and others, and account for the defendant's failure to adhere to the law.

V.     <u>Conclusion</u>

For the foregoing reasons, the government submits that a sentence within the applicable Guidelines range, 63 to 78 months' imprisonment, would be appropriate and in the interests of justice.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:   /s/ Stephanie Pak
Stephanie Pak
Assistant U.S. Attorney
(718) 254-6064

cc:   Clerk of Court (DLI) (by ECF)
Allegra Glashausser, Counsel for the Defendant (by ECF)
U.S. Probation Officer Jeremy Toner (by Email)